UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY LITTRELL,            )
                             )
        Petitioner,          )
                             )
    vs.                      )        Case No. 4:07CV1707 CDP
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent.          )

## MEMORANDUM AND ORDER

Anthony Littrell seeks to vacate, set aside or correct his sentence under 28

U.S.C. § 2255. Littrell is currently serving a sentence of 480 months

imprisonment following his conviction after jury trial of several methamphetamine

and firearms counts. Criminal Case No. 4:05CR84 CDP.[1] Littrell's conviction

was affirmed on appeal. *United States v. Anthony Littrell*, 439 F.3d. 875 (2006).

For the reasons that follow, I conclude that the records before me

conclusively demonstrate that Littrell has no right to relief. Littrell argues that the

indictment was invalid because, he claims, it was not signed by the foreperson of

the grand jury. He also alleges that the firearms counts did not charge an offense,

that his rights under the Speedy Trial Act were violated, and that he received

---

[1]As discussed in more detail later, Littrell was earlier charged in Case No. 4:03CR754
CDP, but the charges against him in that case were subsumed into 4:05CR84CDP, and the earlier
case was dismissed as to him.

ineffective assistance of counsel.  He has filed two requests that I recuse myself, arguing that my rulings show I am biased against him.  I have considered all the evidence and arguments that Littrell has put forward in his many filings in this matter.  After careful consideration of all the evidence, I will deny Littrell's requests for relief for the reasons that follow.

## Procedural Background

The pretrial proceedings in Littrell's case were lengthy, in large part because of Littrell's own actions.  Littrell was once examined for competency and three times indicated he wished to plead guilty, but he did not want to admit that he was guilty.  After lengthy pretrial proceedings, he became dissatisfied with his initial counsel, and I appointed substitute counsel.  He waived pretrial motions but then asked and was allowed to litigate pretrial motions despite his earlier waiver. His trial took five days, and he filed extensive post-trial motions and objections to the presentence report.

Littrell was initially charged in a criminal complaint with manufacturing more than fifty grams of a mixture or substance containing methamphetamine. Case No. 03-3156M [docket entry # 1 in Case No. 4:03CR754 CDP].  He was arrested on the complaint and made his initial appearance before United States Magistrate Judge Frederick R. Buckles on November 14, 2003.  Judge Buckles

appointed the Federal Public Defender to represent Littrell. After a detention

hearing, Judge Buckles denied bond and ordered Littrell detained pending trial. A

three-count indictment was returned on December 11, 2003, charging Littrell with

manufacturing and possessing with the intent to distribute methamphetamine,

possessing pseudoephedrine knowing it would be used to manufacture

methamphetamine, and manufacturing and possessing with intent to distribute in

excess of fifty grams of methamphetamine [docket entry # 12]. Littrell was

arraigned before Magistrate Judge Audrey Fleissig on December 12, 2003, and

Judge Fleissig set a schedule for the filing of pretrial motions [docket entries # 15,

16]. Defense counsel filed a motion to continue that deadline because the attorney

for the government had indicated that he intended to seek a superseding

indictment adding additional defendants [docket entry # 17]. Judge Fleissig

granted this motion.

On January 8, 2004, a six-count superseding indictment was returned in

Case No. 4:03CR754CDP [docket entry #18]. Count One charged Littrell and

four others with conspiring, between October 2001 and June 2003, to

manufacture, distribute and possess with the intent to distribute in excess of 50

grams of methamphetamine. Count Two charged Littrell and two others with

conspiring during the same time period to possess pseudoephedrine knowing and

having reasonable cause to believe it would be used to manufacture methamphetamine. Littrell was not charged in Count Three. In Count Four Littrell was charged with manufacturing and possessing with intent to distribute methamphetamine on January 22, 2002. In Count Five he was charged with possessing pseudoephedrine knowing it would be used to manufacture methamphetamine on November 30, 2002. In Count Six he was charged with manufacturing and possessing with intent to distribute methamphetamine on February 2, 2003. Littrell entered a plea of not guilty to the superseding indictment on January 12, 2004, and Magistrate Judge Buckles entered an order setting new deadlines for filing pretrial motions [docket entries ## 21, 24].

The government provided a detailed disclosure of arguably suppressible evidence on January 22, 2004, specifying the dates of several searches and seizures, the fruits of which the government intended to introduce against Littrell and the other defendants [docket entry # 58]. Littrell's counsel then sought additional time to file pretrial motions, including motions to suppress, because the government had made a plea proposal and defense counsel needed time to discuss it with Littrell [docket entry #72]. Judge Buckles granted this motion [docket entry # 73]. On February 9, 2004, Littrell, through counsel, filed a notice of intent not to file pretrial motions [docket entry #84]. Littrell appeared before Judge

Buckles, with counsel, on February 19, 2004, and orally informed the Judge that he was knowingly and voluntarily waiving his right to file pretrial motions. Judge Buckles personally addressed Littrell and asked him if he understood his right to file pretrial motions and that he was waiving those rights. Littrell stated that he understood, had discussed these matters with counsel, and wished to waive the right to litigate pretrial motions [docket entry # 183, transcript of February 19, 2004 hearing]. I then set the case for trial on March 22, 2004 [docket entry # 88]. On March 15, Littrell's counsel filed a motion to continue the trial because the parties were engaged in plea negotiations [docket entry # 100]. Littrell filed a waiver of his rights under the Speedy Trial Act [docket entry # 103]. I reset the trial for April 12, 2004.

At the end of March, Littrell's counsel indicated that he intended to plead guilty, and I set the guilty plea hearing for April 8, 2004. Littrell appeared before me for change of plea on that date, but as soon as I asked him whether he understood what was going on, he told me he did not. He indicated that he could not understand the things counsel was telling him or why he was charged. I therefore entered an order for a psychiatric examination to determine his competence [docket entry # 118]. Meanwhile, all the other defendants named in the superseding indictment in Case No. 4:03CR754 pleaded guilty.

Before I had received the psychiatric report on Littrell, he filed a *pro se* motion to dismiss the indictment with a number of attachments [docket entry # 141]. In it he argued that the attorneys for the government were not qualified for their positions and had not taken the required oath of office, and he provided a lengthy memorandum with case citations, as well as proposed responses by the government and proposed orders dismissing the indictment. He also sent me a letter stating that he had fired his public defender and did not believe the attorney was working in his best interests. When I received the competency evaluation [docket entry # 150], I held a competency hearing and determined that Littrell was competent to proceed [docket entry # 152].[2]

After finding Littrell competent, I denied his *pro se* motion to dismiss and discussed his dissatisfaction with counsel with him and his counsel. I agreed to his request that I appoint substitute counsel, appointed new counsel and set the trial for November 29, 2004. New counsel sought a continuance of this trial setting, indicating that he needed additional time to continue plea negotiations with the government [docket entry # 158]. That motion indicated that government

---

[2]The evaluation had concluded that Littrell was a substance abuser but did not suffer from any mental disease or defect that would render him incompetent. Although he distrusted the government and law enforcement, this distrust was specific to law enforcement and did not rise to the level of a paranoia diagnosis. The evaluator concluded that Littrell understood what was going on but did not want to accept responsibility.

counsel intended to seek another superseding indictment if a plea agreement were not reached. I reset the trial for January 18, 2005, after making the findings required by the Speedy Trial Act [docket entry # 159].

Defense counsel then informed us that Littrell would plead guilty, and I set the change of plea for December 9, 2004 [docket entry # 163]. Littrell appeared before me on that date but did not change his plea, because he indicated to me that he was, in fact, *not* guilty of the crimes charged [docket entry # 167]. I indicated that the trial date of January 18 would remain, but allowed Littrell additional time to file motions to suppress or other pretrial motions, as requested by his new counsel. On December 17, 2004, Littrell filed a motion to suppress. Shortly thereafter, his new counsel indicated that he again said he wanted to plead guilty, and I reset the plea for January 4, 2005 [docket entry # 178]. On January 4, however, new counsel filed a memorandum asking that the change of plea be canceled, because Littrell had decided not to plead guilty [docket entry # 179]. The government then filed a motion to continue the trial, pointing out that it had refrained from seeking a superseding indictment because Littrell had indicated his intent to plead guilty, and asking for additional time so it could again present the case to the grand jury for another superseding indictment [docket entry # 181]. I granted that motion, and reset the case for trial on February 28, 2005 [docket entry

# 182].  On January 18, 2005, I heard evidence on Littrell's motion to suppress evidence.  I denied the motion to suppress in an order dated January 24, 2005 [docket entry # 190].

Instead of seeking a second superseding indictment, the government sought a new indictment.[3]  On February 10, 2005, the grand jury returned the new indictment against Littrell, which was filed as Case No. 4:05CR84CDP.  The case was directly assigned to me, instead of being randomly assigned to a District Judge, because it was, in essence, a superseding indictment and I had been handling the original case.

The new indictment charged Littrell as follows:  Count One charged Littrell with, between September 2001 and June 2003, conspiring with the co-defendants and others listed in the earlier indictment to manufacture, distribute and possess with the intent to distribute more than 500 grams of methamphetamine.  Count Two charged Littrell with conspiring during the same time period to possess pseudoephedrine knowing and having reasonable cause to believe it would be

---

[3]This was for done for administrative ease, because the original case involved four defendants in addition to Littrell, and the new indictment was only against Littrell.  *See* Government's Motion for Treatment as a Related Case and Assignment to United States District Judge Catherine D. Perry" [docket entry # 5 in 4:05CR84CDP].  In any event, at the final pretrial hearing, at the beginning of the trial, and again later, I ordered that all pretrial matters from the old case would be considered part of the new case.  *See* docket entries ## 22 and 30 in Case No. 4:05CR84CDP.

used to manufacture methamphetamine. In Count Three Littrell was charged with manufacturing and possessing with intent to distribute methamphetamine on January 22, 2002. In Count Four he was charged with manufacturing and possessing with the intent to distribute methamphetamine on November 30, 2002. In Count Five he was charged with possessing pseudoephedrine knowing it would be used to manufacture methamphetamine on November 30, 2002. Count Six charged that on November 30, 2002, Littrell possessed several firearms during and in relation to and in furtherance of the drug trafficking crimes charged in the earlier counts. Count Seven charged him with manufacturing and possessing with intent to distribute more than 50 grams of methamphetamine on February 2, 2003. Finally, Count Eight charged that on February 2, 2003, Littrell possessed two firearms during and in relation to and in furtherance of the drug trafficking offense charged in Count Seven. Except for the addition of the firearms counts, the indictment charged the same crimes as had the earlier indictment. Under the Court's practice then (and now) in effect, the indictment, like the earlier indictments in the earlier case, was signed by the grand jury foreperson and placed in restricted filing, available at the courthouse only [docket entry # 1]. A copy of the indictment with the foreperson's signature redacted was placed in the public file [docket entry # 2].

Littrell's counsel filed several pretrial motions, and the jury trial began on February 28, 2005. After five days of trial, the jury found Littrell guilty on all counts. After the conviction, Littrell's counsel filed an extensive motion for new trial and/or judgment of acquittal, which I denied. Littrell's counsel also filed extensive objections to the presentence report. I ultimately sentenced Littrell to 480 months imprisonment. The conviction was affirmed on appeal. *See United States v. Littrell*, 439 F.3d 875 (8th Cir. 2006).

Littrell then filed this *pro se* motion to vacate, set aside, or correct sentence under 18 U.S.C. § 2255. After the government's response, Littrell filed a reply [docket entry # 13], in which he argues that the government's response was a fraud on the court by referring to the indictment in Case No. 4:05CR84 CDP as a "superseding" indictment instead of a "new" indictment. His reply also argues that the Clerk of Court wrongfully certified docket entry # 2 [the redacted copy of the indictment] as the original, which, he claims, proves that the grand jury did not return the indictment. He states that his family had a document examiner look at the two copies of the indictment and that she opined they are not copies of one another. He also argues that the government's failure to provide him with grand jury transcripts shows that the indictment was deficient. Littrell then filed a "Supplement to Reply" [docket # 14] in which he provided additional information

from the document examiner.

More recently, Littrell has filed two motions to recuse me from the case, relying on the Supreme Court's recent decision in *Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252 (2009). These motions assert that my rulings throughout the case and my delay in ruling on this § 2255 motion show bias and grounds for recusal.

### Grounds Raised in § 2255 Motion and Related Filings

In his motion for relief under 28 U.S.C. § 2255, Littrell raises the following claims:

1. The indictment is facially invalid because it was not signed by the foreperson of the Grand Jury and the attorney for the government, violating defendant's rights under the Fifth Amendment.

2. Counts six and eight do not charge offenses punishable by law.

3. Repeated violations of the Speedy Trial Act.

4. Ineffective assistance of counsel in respect to Grounds one, two and three.

The first three of these grounds could have been raised on direct appeal, but were not. Additionally, none of those three claims was raised at or before trial and sentencing. A defendant may not use § 2255 to re-litigate claims that have already

been considered on appeal, or to raise new claims that could have been raised on appeal but were not, absent a showing of cause and prejudice. *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000); *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993); *see also Bousley v. United States*, 523 US 614, 622 (1998); *Grady v. United States*, 44 Fed. Appx. 66 (8th Cir. 2002); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). Littrell therefore cannot bring these claims as independent allegations of violations of his rights, as his failure to do so on appeal waives them. I will consider them, however, in the context of his claims of ineffective assistance of counsel.

### Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Littrell must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of

hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Littrell "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

## Evidentiary Hearing

I will not hold an evidentiary hearing on Littrell's motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citation omitted). As discussed in greater detail below, the record and files before me reveal that none of Littrell's contentions has merit.

## Ground I – Indictment Not Signed

In his first ground, Littrell contends that the indictment was defective

because it was not signed by the grand jury foreperson or an attorney for the government. Littrell's argument is belied by the record. Although Littrell is correct that indictments must be signed by both the grand jury foreperson and by an attorney for the government, *see* Fed. R. Crim. P. 6(c), 7(c), the indictment in this case was signed by both the foreperson and an attorney for the government. The signed, file-stamped copy is docket entry # 1 in Littrell's criminal case, 4:05CR84 CDP, and the government has attached a copy of it to the government's opposition memorandum. The Clerk's office procedure of placing a redacted copy in the public file was adopted along with the electronic case filing system, and was intended to protect the privacy interests of grand jurors who may not want their signatures to be readily available on the internet. This may explain why Littrell might not have seen the signed copy, but that does not change the fact that the indictment was signed by both the foreperson and the attorney for the government, as required by the rules.[4]

---

[4]In his reply and supplemental reply, Littrell seems to contend that the signed copy submitted by the government in its reply brief is not the real copy of the indictment, because, he submits, his family went to the Court's clerk's office and failed to receive the signed copy when they requested one. Specifically, he asserts that someone from the Clerk's office assured his family that there was no signed version, and that the unsigned version was the only original. Littrell also filed a report from a forensic document examiner whom he hired to compare the unsigned version with the signed original. In the report, the examiner concludes that the documents are not machine copies of each other, but instead, are different documents. This opinion has no basis in fact, and anyone can tell by looking at the documents that they are copies of one another.

Because the records and files before me conclusively reveal that the indictment was signed as required, Littrell's claim to the contrary is without merit.[5]  Moreover, because any challenge to the indictment would have been unsuccessful, Littrell's counsel was not ineffective for failing to raise such a challenge.  *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

## Ground II – Firearms Charges are Invalid

In his second ground, Littrell argues that the indictment was defective because it charged him with possessing firearms "during and in relation to and in furtherance of" drug trafficking crimes, in violation of 18 U.S.C. § 924(c).  Relying on the Sixth Circuit's decision in *United States v. Combs*, 369 F.3d 925 (6th Cir. 2003) and on *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006), Littrell specifically contends that this indictment did not charge him with any codified federal crime.  I conclude, however, that the indictment in this case is consistent with both *Combs* and *Gamboa*, and that it is legally sufficient.

Under Eighth Circuit law, an indictment is legally sufficient if it (1)

---

[5]Littrell also contends that he should have been given transcripts from the grand jury proceeding in which he was indicted.  The government is not required to hand him copies of those transcripts.  *See United States v. Jackson*, 39 Fed. Appx. 453, 453 (8th Cir. 2002) (citing *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (defendant's bare allegation that he needs copies of grand jury transcripts to determine if there was a defect in the grand jury process does not meet the requirement of showing particularized need under Fed. R. Crim P. 6(e))).  Littrell has never made such a showing, aside from his conclusory allegations that his indictment was somehow defective.

contains all the essential elements of the charged offense, (2) fairly informs the defendant of the charges against him, and (3) alleges sufficient information to allow the defendant to plead guilty or not guilty as a bar to additional prosecution. *United States v. Hernandez*, 299 F.3d 984, 992. Generally, an indictment is legally sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.* (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)). Although an indictment's legal sufficiency is a jurisdictional issue that may be raised at any time, the indictment will be "liberally construed in favor of sufficiency" when it is first challenged after jeopardy has attached. *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996).

Here, Littrell was charged with possessing firearms "during and in relation to and in furtherance of" his methamphetamine operation, in violation of 18 U.S.C. § 924(c). That section establishes additional punishment for a person who "uses or carries a firearm" during and in relation to any drug-trafficking crime, or who "in furtherance of any such crime, possesses a firearm . . . . " In *Combs*, the Sixth Circuit held that 18 U.S.C. § 924(c) codifies two separate and distinct offenses: (1) *carrying or using* a firearm "during and in relation to" the underlying drug-trafficking offense, and (2) *possessing* a firearm "in furtherance

- 16 -

of" the offense. *Combs*, 369 F.3d at 933.

Under this holding, when a defendant is charged with merely possessing a firearm during a crime, the government must prove that the defendant possessed the gun "in furtherance of" the crime, which is a higher standard of participation than the "during and in relation to" standard. *See id.* ("in furtherance of" element requires the government to show a defendant's greater participation in the commission of the crime, or that the firearm's presence near the crime was not a coincidence). Accordingly, a person who merely *possesses* (rather than *uses and carries*) a firearm "during and in relation to" the underlying crime is not guilty of any codified federal crime. *See id.* at 934 (reversing conviction when indictment charged defendant with possessing firearm during and in relation to underlying crime). In *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006), the Eighth Circuit agreed with the *Combs* decision, holding that 18 U.S.C. § 924(c) codified two separate offenses. *Id.* at 809-10.

Here, the indictment charged Littrell with two counts of *possessing* several firearms "during and in relation to *and* in furtherance of" the methamphetamine operation he ran from his home. Indictment, Counts Six and Eight. These two counts arose from the government's discovery of numerous firearms in Litrell's residence in November of 2002 and again in February of 2003, when the

government executed a search warrant on his property. Liberally construing the indictment in favor of sufficiency, as I must, I conclude that the indictment is legally sufficient. *See Just*, 74 F.3d at 904. By charging Littrell with possessing several firearms in furtherance of the underlying methamphetamine-trafficking offenses, the indictment contained all of the essential elements of 18 U.S.C. § 924(c), fairly informed Littrell of the charges against him, and enabled him to plead not guilty. That is all the information an indictment must contain. *See Hernandez*, 299 F.3d at 992.

Moreover, the indictment is consistent with the holdings in *Combs* and *Gamboa* because it charges Littrell with codified federal crimes. Unlike the defendant in *Combs*, who was charged only with possessing a firearm "during and in relation to" the underlying offense, Littrell was charged with possessing firearms *both* "during and in relation to" *and* "in furtherance of" the underlying crime. Because these counts of the indictment charged Littrell with possessing the firearms in furtherance of a drug trafficking crime, they properly charged an offense under § 924(c). Because the elements of the crime were charged, the indictment was not rendered defective by the addition of the allegations that Littrell possessed the firearms during and in relation to the drug crime. The jury was required to find, and did find, that Littrell possessed the weapons in

furtherance of the underlying crimes, and there was no violation of Littrell's rights in this regard. As the record and files before me conclusively reveal that the indictment was not defective, this claim is meritless.[6] Littrell's counsel was not ineffective for failing to raise this issue at trial or on appeal. Any challenge to the indictment would have been unsuccessful for the reasons discussed above, and counsel is not ineffective for failing to bring a meritless challenge. *See Rodriguez*, 17 F.3d at 226.

## Ground III – Speedy Trial Act

In his third ground for relief, Littrell advances several arguments concerning violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Littrell first contends that his rights under the Act were violated because a superseding indictment and a new indictment were filed against him more than thirty days after he was first arrested. He also submits that his rights were violated because no trial was held within seventy days of his indictment, and there was no valid waiver of his speedy trial rights under the Act. Finally, he asserts that the Act was violated because he

---

[6]Although he does not raise it as a ground for relief, Littrell also takes issue with the jury instructions at his trial. The instructions tracked the indictment's language, stating that, to find Littrell guilty, the jury must determine that Littrell possessed firearms "during and in relation to and in furtherance of" the underlying crime. For the same reasons that the indictment was not defective, I conclude that the jury instructions were not defective. They were consistent with the holding in *United States v. Gamboa*, 369 F.3d 925 (6th Cir. 2003), and adequately instructed the jurors of the law applicable to the case. *See United States v. Jennings*, 487 F.3d 564, 580 (8th Cir. 2007). Nothing more is required.

was not given thirty days from the filing of the third indictment to prepare for trial. None of these grounds has merit.

### 1. Superseding and New Indictments

During Littrell's criminal case, a superseding indictment was filed against him in January of 2004, and a new indictment was filed against him in February of 2005. Littrell maintains that these indictments violated his rights under the Speedy Trial Act, because they were filed more than thirty days after his arrest in November of 2003.[7] Although the Speedy Trial Act requires that an indictment be filed "within thirty days from the date on which [an] individual was arrested," 18 U.S.C. § 3161(b), the superseding and new indictments in Littrell's case do not violate this thirty-day requirement.

Littrell was originally arrested on the complaint on November 14, 2003. The initial indictment was returned on December 11, 2003, within the thirty-day requirement of § 3161(b). The thirty-day requirement is not violated where, as here, a superseding indictment is later filed based on identical charges arising from identical facts as contained in the original indictment, or adding charges to those

---

[7]The record conclusively refutes Littrell's argument that he raised this issue in his *pro se* motion to dismiss. Instead, Littrell argued in that motion that the indictment should be dismissed because the attorneys for the government were not officers of the government and had, therefore, no authority to prosecute him.

listed in the original indictment.  *E.g.*, *United States v. Hemmings*, 258 F.3d 587, 591-92 (7th Cir. 2001) (collecting cases).  The January 8, 2004, superseding indictment charged Littrell with conspiring with others between October 2001 and June 2003 to commit similar methamphetamine offenses as those charged in the original indictment.  Because the additional charges in the superseding indictment stem from the same underlying facts as the original indictment, § 3161(b) was not violated.

Moreover, the new indictment returned against Littrell in February of 2005 also did not violate § 3161(b)'s thirty-day requirement.  Concurrent with the grand jury returning the new indictment, a warrant was issued for Littrell's arrest, and Littrell was arrested and arraigned on the charges set forth in the new indictment on February 15, 2005.  Thus, Littrell was indicted on the new charges within thirty days of his arrest for those charges, and there is no section 3161(b) violation arising from the new indictment.[8]  Of course, if these charges had been filed as a

_____

[8]Littrell does not contend – nor can he – that this new indictment violated the statute of limitations.  Under 18 U.S.C. § 3282(a), the government was required to file the indictment within five years of Littrell's commission of the drug-trafficking and firearm-possession crimes. In the new indictment, which was filed in February 2005, Littrell was charged with committing those crimes between September 2001 and June 2003.  Accordingly, the new indictment was filed well within the five-year statute of limitations.

Nor can Littrell show any prejudice, or that government's delay in filing the new indictment was unreasonable.  "Pre-indictment delay will be sufficiently 'oppressive' to warrant dismissal of an indictment where the delay was unreasonable and substantially prejudicial to the defendant in the presentation of his case."  *United States v. Savage*, 863 F.2d 595, 598 (8th Cir.

superseding indictment in the old case, that also would have been proper under the Speedy Trial Act, for the reasons stated above.

## 2. Delay in Trial

Littrell next contends that his rights under the Speedy Trial Act were violated because his trial did not begin until February of 2005, and, he argues, he did not validly waive his Speedy Trial Act rights. He argues that this delay was caused by government misconduct. This contention also lacks merit.

Under the Speedy Trial Act, a criminal trial "shall commence within seventy days" from the indictment's filing date. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act provides that certain periods of delay "shall be excluded in computing the time . . . within which the trial of any such offense must commence," including, in pertinent part:

> (a) delay resulting from any proceeding to determine the mental capacity of the defendant;

---

1988) (citation omitted). The government could have brought a superseding indictment charging Littrell with these offenses, *see United States v. Hemmings*, 258 F.3d 587, 592 (7th Cir. 2001), but instead, brought the charges in a new indictment for administrative ease. Moreover, Littrell had been charged in December 2003 with similar counts arising from an identical factual situation, and he had been preparing with his counsel to defend against them since that time. Thus, Littrell cannot show prejudice because of the government's delay. But even if Littrell could show prejudice, the government's delay was not unreasonable. Indeed, the government filed the new indictment after Littrell had agreed twice to plead guilty to the superseding indictment, and then changed his mind. Littrell's own actions delayed the filing of the new indictment, not the government's.

(b) delay resulting from any pretrial motion;

(c) delay resulting from transportation of the defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(d) delay reasonably attributable to any period, not to exceed

(e) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the government.

18 U.S.C. § 3161(h). Here, there were numerous pre-trial delays that are excludable under the Act.

To begin with, Littrell was arraigned on the original indictment on December 12, 2003, and filed numerous pretrial motions in the following weeks.[9] On April 8, 2004, Littrell was to plead guilty to the superseding indictment, but when he appeared before me, he refused to plead guilty and questioned his own competence. This necessarily delayed matters, because it was necessary for me to

---

[9]Such motions include a motion to continue the filing of pretrial motions on December 30, 2003; a motion for extension of time to file pre-trial motions on January 27, 2004; a notice of no pretrial motions on February 9, 2004; a waiver of motions to suppress evidence on February 19, 2004; a motion to continue the trial on March 15, 2004; and a *pro se* motion to dismiss the indictment on July 12, 2004. Over the course of the criminal trial, there were additional, excludable delays caused by pre-trial motions, including a motion to continue trial on October 25, 2004, which I granted on October 26, 2004 based on the ends of justice; and a motion to suppress evidence on December 17, 2004.

order a psychiatric evaluation of Littrell to determine his competency. At the time

Littrell claimed not to understand matters, it appeared to me to be a ploy for delay,

but I could not be sure, of course, and so I was required to order the evaluation.[10]

After the evaluation was concluded, I held a hearing to determine Littrell's

competency to stand trial, and I determined that he was competent. Littrell also

demanded new counsel, and I appointed new counsel on August 30, 2004.

Littrell's new counsel needed time to prepare for trial, which resulted in further

delay. Additionally, Littrell three times indicated he wished to plead guilty but

then changed his mind at the last minute. All of this time is excludable under the

Act.

On March 18, 2004, Littrell's counsel filed a waiver signed by Littrell. In

the waiver, Littrell asserted that he understood his rights under the Speedy Trial

Act, but believed that the ends of justice would be served if he waived his rights

under the Act, that a waiver was in his best interests, and his interests in a

continuance outweighed the public's interest in a speedy trial. Additionally,

Littrell's counsel, in a sworn affidavit, has described how he and his investigator

spent several hours discussing with Littrell the advantages and disadvantages of

---

[10]In retrospect, of course, this turned out to be true, as Littrell was fully competent, but did not want to accept the responsibility for his crimes.

signing the waiver.

Littrell now argues that because counsel initially filed an unsigned version of the waiver, it must be invalid.  The government has refuted this by providing the affidavit of counsel along with a copy of the signed original.  Under the Court rules originally adopted to facilitate the electronic case filing system, the Court required that counsel file unsigned copies of documents signed by their clients, while maintaining the original signed documents and providing an affidavit stating that they possessed the signed original.  Littrell's counsel complied with this procedure [docket entry # 102 in 4:03CR754 CDP].  Although this rule no longer applies to Speedy Trial Waivers, it did apply to them at the time counsel filed the affidavit in this case.  Littrell also asserts that any waiver was not knowing and voluntary, but he had ample opportunity to raise that with the court in his numerous court appearances, and he never did so.  The record before me conclusively reveals that, because Littrell knowingly waived his rights under the Speedy Trial Act and because of all the time periods of excludable delay, Littrell's claims that his Speedy Trial rights were violated are meritless.

To the extent that Littrell argues that the government somehow committed misconduct by purposefully delaying the trial, the record reveals that Littrell's actions were the cause of much of the delay, and Littrell adduces no evidence that

the government filed meritless motions or otherwise acted improperly in order to further delay the trial. In considering Section 2255 motions, I need not give weight to conclusory allegations, self-interested characterizations, or opprobrious ephithets. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

### 3. Trial Preparation Time

Ironically, after making extensive arguments that his trial started too late, Littrell also argues that the trial started too soon. Littrell argues that the Speedy Trial Act was violated because he was not given sufficient time to prepare for trial on the new indictment which ultimately went to trial. Specifically, he argues that he should have been given thirty days to prepare for trial after the filing of the new indictment, and that his rights were violated because his trial began eighteen days after the new indictment. However, it is well settled that the filing of a superseding or new indictment does not require that the thirty-day preparation period be re-started. *United States v. Richardson*, 537 F.3d 951, 958 (8th Cir. 2008). Additionally, the record shows that the new indictment was not a surprise, that Littrell and his counsel knew that it would be sought by the government if he did not plead guilty, and that they knew what the new charges would be in advance of its filing. Thus, this contention is without merit.

Because the record reveals that all of Littrell's Speedy Trial Act arguments

are without merit, I conclude that his counsel was not ineffective for failing to raise them. *See Rodriguez*, 17 F.3d at 226.

## Recusal

Littrell has filed a motion to recuse me, as well as a supplement to the motion. Littrell contends, among other things, that I have manifested my bias in this matter because, he asserts, I assigned this motion to myself, and have not yet ruled on his motion. He also appears to argue that I have a probable financial motive in the outcome of this case, as he intends to file suit against me. A judge should recuse herself if her "impartiality might reasonably be questioned." 28 U.S.C. § 455. Recusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality. *Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005); *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc). The crux of Littrell's complaint seems to be the fact that I have not ruled in his favor, which reveals my bias against him. "Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *Dossett*, 399 F.3d at 953 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Littrell is not entitled to a new judge simply because he dislikes my rulings, nor must I recuse myself merely because I did not issue my ruling in the time or form he might

prefer. Finally, even if Littrell intends to file suit against me, that is not a basis for my recusal. *Cf. United States v. Dehghani*, 550 F.3d 716, 721-22 (8th Cir. 2008) (judge not required to recuse himself even though defendant made threat against him). Accordingly, I will deny his motion.

## Certificate of Appealability

As Littrell has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

For all the reasons stated above, Littrell's §2255 motion will be denied.

**IT IS HEREBY ORDERED** that Anthony Littrell's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Littrell has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that Littrell's motion for recusal [#18] is denied, but his motion for leave to supplement that motion [#19] is granted, and I

have considered the supplemental materials in deciding this case.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2009.