UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LITTRELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1707 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Pending before me are two *pro se* motions by movant Anthony Littrell. Littrell is currently serving a sentence of 480 months imprisonment following his conviction after a jury trial of several methamphetamine and firearm counts. Criminal Case No. 4:05CR84 CDP. His conviction and sentence were affirmed on appeal. *United States v. Anthony Littrell*, 439 F.3d 875 (8th Cir. 2006). On October 3, 2007, Littrell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which I denied on the merits and without a hearing on December 31, 2009. *See* Civil Case No. 4:07CV1707 CDP [## 22, 23]. The Eighth Circuit Court of Appeals denied Littrell's application for a certificate of appealability and dismissed his appeal. *Littrell v. United States*, No. 10-1114 (May 14, 2010).

Littrell has now filed two *pro se* motions seeking relief from his conviction and sentence, raising largely the same issues as in his initial motion. 28 U.S.C. § 2255(h) prohibits a movant from filing a second or successive motion under § 2255 without first receiving authorization from the appropriate United States Court of Appeals, however, so his motions will be denied. *See* 28 U.S.C. § 2255(h) (a federal inmate may not file a second or successive motion under § 2255 without first receiving authorization to do so from the appropriate United States Court of Appeals); *see also, e.g., United States v. Head*, Criminal No. 02-75(1) ADM/RLE, 2010 WL 254857, at *1 (D. Minn. June 21, 2010) (rejecting movant's attempt to re-litigate § 2255 motion in a Rule 60(b) motion because movant merely "alleges constitutional and fraudulent defects in the proceedings of the underlying trial.").

In particular, Littrell first moves for the release of grand jury transcripts from his underlying criminal case, alleging that the indictment was not signed by the grand jury foreperson. Littrell made the same request and allegations in his initial motion. As explained in the Memorandum and Order denying that motion, however, the record affirmatively refutes Littrell's claim that indictment was not signed by the foreperson, and Littrell's unsupported claims fall far short of showing the requisite particularized need for these transcripts. *See, e.g.,*

*United States v. Jackson*, 29 Fed. Appx. 453, 453 (8th Cir. 2002) (defendant's bare allegations that he needs copies of grand jury transcripts to determine if there was a defect in the grand jury process insufficient to show particularized need as required by Fed. R. Crim. P. 6(e)). Even aside from failing on the merits, I must deny this motion because it seeks to relitigate issues raised in Littrell's initial § 2255 motion without proof of authorization from the Eighth Circuit to file such a motion. *See* 28 U.S.C. § 2255(h).

In his second motion, Littrell seeks to reopen his habeas proceedings and to recall the Eighth Circuit's mandate, arguing once more that his indictment was not signed by the jury foreperson and that the criminal proceedings were accordingly tainted. This Court has no authority to recall the Eighth Circuit's mandates. Moreover, like his motion for release of grand jury transcripts, this motion seeks to relitigate issues raised in his initial § 2255 motion but contains no authorization to do so from the Eighth Circuit. It will therefore be denied. Littrell is reminded that, going forward, he cannot raise challenges to his sentence or conviction in this Court without first receiving authorization to do so from the Eighth Circuit.

For these reasons,

**IT IS HEREBY ORDERED** that Littrell's motions for release of grand jury transcripts [#36] and to recall mandate and reopen case [#37] are both denied.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2011.